IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Nos. C 13-5947 CW

In re:                                    Bk. Nos. 12-32655-HLB
                                                   12-03184-HLB
Robert Franklin Van Zandt,
                                          ORDER DISMISSING APPEAL
        Debtor.

_____/

    Debtor Robert Franklin Van Zandt has filed at least ten
separate appeals challenging orders of the Bankruptcy Court.  The
Court previously dismissed six of those appeals, which were
appeals from interlocutory orders.  See Case Nos. 13-1513; 13-
1888; 13-5948; 13-0797; 14-1527; and 14-1528.  The Court also
affirmed the decisions of the Bankruptcy Court and denied the
motion to withdraw the reference in four other cases.  See Case
Nos. 13-0702; 13-1568; 13-2765; and 13-4200. The Court now
dismisses this appeal of the Bankruptcy Court's interlocutory
order denying Debtor's "motion for the court to recognize that
this Chapter 7 case is closed and that adversary proceedings 12-
03183 and 12-03184 are barred, nunc pro tunc, by statute."

LEGAL STANDARD

    District courts have the discretion to grant leave to appeal
interlocutory bankruptcy court orders and may consider a notice of
appeal as a motion for leave to appeal.  28 U.S.C. § 158(3); Fed.
R. Bankr. P. 8003(c).  In considering whether leave should be
granted, the Court will look to 28 U.S.C. § 1292(b).  In re Betta

Prods., 2007 U.S. Dist. LEXIS 81621 at *3; In re Sperna, 173 B.R. 654, 658 (9th Cir. BAP 1994). Pursuant to that section, review of an interlocutory order is appropriate when

> such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

                              DISCUSSION

An order finding that a case is not closed is by definition interlocutory. The Court finds that appeal of the interlocutory order at issue in this appeal is not appropriate under § 1292(b). Moreover, even if the Court reached the merits of the appeal, it would affirm the Bankruptcy Court's decision. Federal Rule of Bankruptcy Procedure 5009(a) provides that if "the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered." Such a presumption does not require the Bankruptcy Court to close the case. Moreover, as the Bankruptcy Court noted, Debtor himself filed an adversary proceeding after the date on which he asserts the case should have been closed.

For the reasons stated above, the Court dismisses the appeal.

IT IS SO ORDERED.


Dated: 4/14/2014

                              _____
                              CLAUDIA WILKEN
                              United States District Judge

United States District Court
For the Northern District of California